```
               UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF FLORIDA
                      TAMPA DIVISION

BILLEY E. BRADLEY, JR.,

            Plaintiff,
v.                                Case No. 8:14-cv-210-T-33TBM

ACCREDITED ROOFING TECHNOLOGIES,
LLC, and DAVID A. JOHNSON,

            Defendants.
_____/
```

### ORDER

This cause is before the Court pursuant to Defendants Accredited Roofing Technologies, LLC and David A. Johnson's Motion to Vacate Clerk's Default and Permit Defendants to Answer Complaint (Doc. # 13), filed on March 27, 2014. Plaintiff Billey E. Bradley, Jr. failed to file a response in opposition to the Motion, and the time for him to do so has expired. Accordingly, the Court considers the Motion to be unopposed. The Motion is granted as follows.

### I. Background

On January 28, 2014, Plaintiff filed a putative collective action FLSA complaint against Defendants seeking the payment of overtime wages as well as declaratory relief. (Doc. # 1). Plaintiff filed return of service documents reflecting that Defendants were served with process on February 11, 2014. (Doc. ## 7, 8). Neither Defendant

responded to the Complaint, and on March 20, 2014, Plaintiff applied for the entry of Clerk's default against Defendants. (Doc. # 10). On March 21, 2014, the Clerk entered a default against each Defendant pursuant to Rule 55(a), Fed. R. Civ. P. (Doc. ## 11, 12). At this juncture, Defendants seek an Order setting aside the Clerk's entry of default as to each Defendant pursuant to Rule 55(c), Fed. R. Civ. P.

**II.  Discussion**

The Eleventh Circuit has noted that "defaults are seen with disfavor because of the strong policy of determining cases on their merits." Fla. Physician's Ins. Co. v. Ehlers, 8 F.3d 780, 783 (11th Cir. 1993). In determining whether to set aside a Clerk's entry of default, courts generally consider the following factors: (1) whether the default is culpable or willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether the defaulting party presents a meritorious defense. Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951 (11th Cir. 1996). Additional factors include: (4) whether the public interest is implicated; (5) whether the defaulting party will experience significant financial loss; and (6) whether the defaulting party acted promptly to correct the default. See Global Aerospace, Inc. v. Platinum Jet

2

Mgmt., LLC, No. 09-cv-60756, 2010 U.S. Dist. LEXIS 12700, at *10 (S.D. Fla. Jan. 28, 2010).

In this case, the Court's analysis of the relevant factors leads to the conclusion that Defendants have demonstrated good cause to set aside the Clerk's entry of default as to each Defendant. Here, the default was not willful or culpable. Defendant Johnson, as the corporate representative of Defendant Accredited Roofing Technologies, LLC, filed an Affidavit explaining that Defendants retained counsel immediately upon being served with the Complaint, but a "breakdown in communication" led to counsel failing to timely respond to the Complaint. (Doc. # 14-1 at ¶ 7). Notably, Defendants moved to vacate the default within one week of the entry of default by the Clerk.

In addition, in connection with the Motion to Vacate Clerk's Default, Defendants have submitted a proposed Answer, which includes twenty-five Affirmative Defenses. Among other defenses, Defendants assert that Plaintiff's claims "are barred by the applicable limitations period, contractual limitations . . . laches, waiver, estoppel and/or unclean hands." (Doc. # 13-1 at 4). Defendants also contest that they fit into the FLSA's definition of "employer" and challenge the propriety of Plaintiff's putative collective action

allegations. (<u>Id.</u>).

Plaintiff was given ample opportunity to respond to Defendants' Motion to Vacate the Clerk's Default with a showing of prejudice or a discussion of any other factor weighing against setting aside the default. Plaintiff has not done so. The Court accordingly determines that Plaintiff will not be prejudiced by an Order setting aside the Clerk's entry of default in this case and that the relevant factors to be considered do not militate in Plaintiff's favor. Thus, upon due consideration, the Court sets aside the Clerk's entry of default as to each Defendant and authorizes Defendants to file their proposed Answer and Affirmative Defenses.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendants Accredited Roofing Technologies, LLC and David A. Johnson's Motion to Vacate Clerk's Default and Permit Defendants to Answer Complaint (Doc. # 13) is **GRANTED.**

(2) The Clerk's entry of default as to each of the Defendants (Doc. ## 11, 12) is **SET ASIDE** pursuant to Rule 55(c) of the Federal Rules of Civil Procedure.

(3) Defendants are authorized to file their proposed Answer and Affirmative Defenses (Doc. # 13-1) within ten days of the date of this Order.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>17th</u> day of April, 2014.

                                        VIRGINIA M. HERNANDEZ COVINGTON
                                        UNITED STATES DISTRICT JUDGE

Copies:

All Counsel and Parties of Record